**FILED**
August 21, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LEONARDO JOSUE CUETO,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **NO. SA-26-CV-4192-OLG** |
| **DAVID VENTURELLA and WARDEN, KARNES COUNTY IMMIGRATION PROCESSING CENTER, *et al.*,** | § | |
| **Respondents.** | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Leonardo Josue Cueto's Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 4), and Petitioner has replied (Dkt. No. 5). Upon review, the Court finds that the Petition must be denied for the reasons below.

Based on the record, Petitioner is a citizen of Venezuela who entered the United States in 2023 and was re-detained by ICE in 2026 following an arrest for theft of property. *See* Dkt. Nos. 1 at 2; 4 at 2; 4-1 at 2. Petitioner remains detained during his removal proceedings on a mandatory basis under the Laken Riley Act, *see* 8 U.S.C. § 1226(c), due to his arrest. Petitioner initiated this action on July 2, 2026, seeking an order requiring his release. *See* Dkt. No. 1 at 10.

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner proves that he is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c); *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)).

"A court considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

Petitioner contends that his detention without an individualized custody determination violates his due process rights. *See* Dkt. No. 1 at 5–10. The Laken Riley Act applies to any noncitizen who "is charged with, is *arrested for*, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any . . . *theft*." 8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added). Because Petitioner must be detained pursuant to § 1226(c), the Court cannot find that his continued detention during removal proceedings violates due process. *Demore v. Kim*, 538 U.S. 510, 531 (2003) ("[W]hen the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal."); *Wekesa v. United States Attorney*, No. 22-10260, 2022 WL 17175818, at *1 (5th Cir. Nov. 22, 2022) (explaining that "the language of [§ 1226(c)] 'reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)); *see also Rimtobaye v. Castro*, No. 23-CV-1529-FB (HJB), 2024 WL 5375786, at *3 (W.D. Tex. Oct. 29, 2024) (finding that detention under § 1226(c) of "more than two-and-a-half years" had not become unduly prolonged because removal proceedings were ongoing and, thus, detention had a definite termination point), *report and recommendation adopted*, No. 23-CV-1529-FB, 2025 WL 377722 (W.D. Tex. Jan. 31, 2025). Accordingly, the Court cannot grant his request for habeas relief.

Based on the foregoing, Petitioner Leonardo Josue Cueto's Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) is **DENIED**.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** on August 21, 2026.

ORLANDO L. GARCIA
United States District Judge